UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
ARTURO B. SALAZAR,

                          Plaintiff,                        **COMPLAINT**

                     - against -

BUILDING SERVICE 32B-J HEALTH FUND and         06 CV 14353 (DLC)
BOARD OF TRUSTEES OF BUILDING SERVICE
32B-J HEALTH FUND,                                       ECF CASE

                          Defendants.
------------------------------------------------------------------------x

        Plaintiff ARTURO B. SALAZAR, by his attorneys, McCormick Dunne & Foley, as and for a complaint against the above-captioned defendants, alleges as follows:

## JURISDICTION AND VENUE

        1.    This action arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. 1001, *et seq.*, and specifically 29 U.S.C. § 1132(a)(1)(B).

        2.    Jurisdiction is vested in this Court pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 1132(e)(1) and (f).

        3.    Venue is proper pursuant to 29 U.S.C. § 1132(e)(2), because the subject plan is administered in the Southern District of New York, because the subject breach took place in the Southern District of New York, and because the defendants reside or may be found in the Southern District of New York.

## THE PARTIES

        4.    Plaintiff ARTURO B. SALAZAR ("SALAZAR") is a natural person and a citizen of the State of New York, residing at 647 West 174th Street #2H, New York, New York 10033.

        5.    Upon information and belief, at all times hereinafter mentioned, defendant BUILDING SERVICE 32B-J HEALTH FUND (the "Plan") was and is an "employee welfare benefit

plan" and a "welfare plan," as defined by 29 U.S.C. § 1002(1), and an "employee benefit plan" and "plan," as defined by 29 U.S.C. § 1002(3).

6. Upon information and belief, at all times hereinafter mentioned, defendant BOARD OF TRUSTEES OF BUILDING SERVICE 32B-J HEALTH FUND was and is the "administrator" of the Plan, as defined by 29 U.S.C. § 1002(16)(A).

## BACKGROUND

7. On or about August 8, 2003, as a benefit of his employment, SALAZAR became eligible for benefits under the Plan.

8. On or about August 8, 2003, SALAZAR became "totally and permanently disabled," as defined by the Plan.

9. On or about August 8, 2003, SALAZAR duly applied for disability benefits.

10. By letters dated March 4, 2004 and December 13, 2004, SALAZAR's application for disability benefits was denied on the basis that he was not "totally and permanently disabled," as defined by the Plan (the "claim denial").

11. SALAZAR timely submitted an administrative appeal challenging the claim denial and the claim was heard by committee at its meeting on December 7, 2004.

12. By letter dated December 13, 2004, SALAZAR's administrative appeal was denied, thereby exhausting his administrative remedies (the "appeal denial").

13. Subsequent to the appeal denial, SALAZAR was awarded disability insurance benefits by the Social Security Administration.

## AS AND FOR A FIRST CAUSE OF ACTION

14. SALAZAR repeats and reiterates paragraphs "7" through "13," as if fully set forth at length herein.

15. Both the decision to deny SALAZAR's application for disability pension benefits, and the administrative appeal decision affirming same, were and are erroneous and in violation of SALAZAR's rights under ERISA.

16. Accordingly, defendants are liable to SALAZAR for the sum of all disability pension benefits wrongfully withheld from him to date, together with prejudgment interest at a rate to be established by the Court.

17. Additionally, SALAZAR is entitled to receive disability pension benefits on a going-forward basis.

18. Lastly, SALAZAR is entitled to attorney's fees and costs pursuant to 29 U.S.C. § 1132(g)(1).

**WHEREFORE** SALAZAR demands judgment:

(i) awarding him the sum of all disability pension benefits wrongfully withheld from him to date, together with prejudgment interest;

(ii) declaring that he is entitled to receive disability pension benefits on a going-forward basis;

(iii) awarding him attorney's fees and costs pursuant to 29 U.S.C. § 1132(g)(1); and

(iv) for such other and further relief as to this Court may seem just and proper.

Dated: New York, New York
December 12, 2006

Yours, etc.,

MCCORMICK DUNNE & FOLEY

By:   s/ _____
Joseph P. Altman Jr. (JA 1562)

Attorneys for Plaintiff
Office and P.O. Address
61 Broadway, Suite 2100
New York, New York  10006
(212) 363-1300